Sean Beam on behalf of the petitioner, Louis Pleitez-Lopez. This case involves a motion Could you speak a little louder please? Sure, this case involves a motion to continue that was denied by the immigration judge. And we feel that the judge had abused his discretion in denying the motion to continue respondents' case based on Cui versus Mukasey. And in that case, the importance of the evidence, the unreasonableness of the immigrants' conduct, the inconvenience to the court, and the number of continuances previously granted were the factors that the court established should be considered. And in this particular case, the importance of the evidence, the biometrics were extremely important in the respondent's case because without the biometrics, the court can adjudicate the claims that the respondent had requested. And additionally, the reasonableness of the conduct of the immigrant in this particular case, the respondent had tried to comply with the biometrics. And he had a set of fingerprints. They were just too old. They had supposedly expired, although it's unclear to me why fingerprints ever expire. That is correct. At all times previous to that particular court hearing, the respondent was in compliance with the fingerprint requirement. In those days, the respondents needed to update the fingerprints every 15 months. And so that's what happened in this particular case. He didn't update the fingerprints on a particular occasion. So when we were in court at that time, the respondent did fingerprint for the California Department of Justice report, and that was where the confusion lied. When the respondent fingerprinted for that, he thought that he was fingerprinting for the biometrics that was required by the judge. And so he had thought he had complied with the requirements that the judge had set forth. Unbeknownst to him, those were two separate fingerprint requirements, and that was in compliance with what the judge had set forth. So we don't believe that the respondent's conduct was unreasonable under those circumstances. He did try to comply with the court's order. And like I said, he did believe that he had complied because he had taken fingerprints with the California Department of Justice. In addition, you folks showed up for a hearing at one point, and the immigration judge said  And so the fingerprints would have gone out of date at that time with that continuance. Is that correct? They were up to date when we were there that time, but they would have gone out of date. The respondent had only requested one previous continuance in this particular matter. I believe the case was before the court, six different occasions, but only on one occasion was the request for a continuance by the respondent, and that was to file a cancellation of removal application in his particular case. And the inconvenience to the court, we do believe, would have been slight in this particular case, for the court had other cases on their docket that they were able to hear on that particular day, as well as, and also the court, if they had chosen to, could have taken the testimony of the respondent and just reserved an opinion for a later time, if the court had chosen to do so. The respondent would have gone forward. He did request a continuance additionally, because one of his witnesses was unpresent because of her own requirements to do biometrics. But other than that, the respondent was prepared to go forward on his claims on that particular day. And so under a totality of circumstances, we do believe that the judge abused his discretion when denying the motion for the continuance by the respondent, and when the BIA did not review the abuse of discretion claim that the respondent brought, the BIA did not address the fact that the cancellation was also part of the requested relief. The respondent was requesting the, BIA left this as a convention against torture claim and said that there was a probability, there wasn't a probability that the respondent would be subject to torture if he was removed to his home country of Guatemala. And so like I said, the board did not address the fact that the respondent did have a cancellation claim as well as the convention of torture claim in their review, nor did they go over the factors. They just, the complete factors of the Cui versus Mukasey case, they just basically determined that the respondent's conduct in ignoring the immigration judge's request. The respondent was handed a written set of orders for the biometrics. However, the written set of orders were in English, and the respondent does not speak English, nor does he read or write in English. And he did go to his counsel's office, like I said, in order to do the California Department of Justice fingerprint. And at that hearing, when the judge questioned the respondent's orders, the respondent did respond that he had followed the orders. So like I said, the respondent was really under the belief that he had complied with the judge's request for the biometrics in this particular case. And a continuance in order to achieve that wouldn't have been a great inconvenience to the court. So because of that, we do believe that. What was the date that the continuance was denied? It was May. Is that the May 28th hearing? The May 28th hearing, that is correct. Is that the one where his attorney told, was that you? Yes. Said that, you said that he didn't need to update them? That, yeah, that there was a mistake made by our office that the respondent didn't need to update his fingerprints. He had, like I said, he had previously taken the fingerprints, and the fingerprints in those days expired every 15 months. But an associate in my office thought they expired every year and a half. And so if they had expired every year and a half, the respondent would have been in compliance. And, but since they do expire every 15 months and not every year and a half, the respondent had just fell out of compliance for a short period of time. Did you wish to save some rebuttal time? Yes. Hello again. Jane Shostner for the respondent. Here, too, we would ask you to find that the agency acted within its discretion. Counsel, this seems to be the exact opposite of the case we were just discussing. This was a very diligent petitioner who relied on bad advice from his lawyer. And, you know, we have held in previous cases that relying on the advice of counsel can be good cause for not doing something, and in this case, not getting yet another set of fingerprints taken. Why isn't that an abuse of discretion in this circumstance? There are two factors here. This case is distinguishable from some of the other cases where an applicant has received bad advice from his lawyer because here the applicant was advised personally, directly, by the immigration judge through a Spanish language interpreter of the requirements. That seems not to help very much with the government's case, in my view, speaking just for myself, because the lawyer's advice came afterwards. And these regulations change all the time. Lots of things can change. And so, yes, the immigration judge said, get more fingerprints, and then the lawyer said, well, no, you actually don't need to. And because it was after and not before, why wouldn't he just assume that the rules had changed to a year and a half or two years or forever, since fingerprints normally don't actually change? Certainly understand your concerns there. I would make a note that there is a diligence problem here, too. The immigration judge at the September 2014 hearing at pages 125 to 128 of the record made clear that the biometrics needed to be completed by no later than March 28, 2015. The applicant here did not attempt to comply, as opposing counsel puts it, until after that deadline had already passed. He got his CalDOJ prints done on April 23, 2015, so nearly a month after the deadline had already expired. And is it your view that that is per se a good enough reason, that minimal lack of diligence, as you put it? That standing alone is probably insufficient. Well, why isn't it really standing alone? Because he was following his lawyer's advice. He was following his lawyer's advice, but he did not apparently seek out his lawyer's advice timely. He was required to have those prints done by March. Well, we're circling back to the original thing, and you said that isn't enough all by itself that you're a couple of weeks late getting your fingerprints done. So if that's not enough, there's really, in my view, nothing else. Well, I'd also like to point that at the final individual merits hearing, when it became clear that there were no prints, opposing counsel asked for a continuance, but not for prints. Opposing counsel asked for a continuance because the witness that he had intended to call that day was unavailable. So the applicant here was not prepared to go forward on the day of the hearing, not simply because he didn't have the prints, but because he didn't have his witness. The basis for the decision was the lack of prints, though, was it not? That's correct. So, and we can review only the reasons that the BIA gave, also correct? That is correct. Okay, so this rises or falls for the BIA's decision on whether it was an abusive discretion to deny a continuance to get the fingerprints. Correct. I'm making this argument as a defensive argument, responding to counsel's arguments about the four key factors that the inconvenience to the court. Well, that's actually another problem. Since the BIA didn't tell us how it evaluated those factors, we have no basis to imagine that that's what they were thinking. That's true. We know that the agency focused on the unreasonableness of the conduct, that a judge's order is, takes more precedence, according to the agency, than... Well, only if it's unrebutted, if you will, by a lawyer coming along later and saying, no, you don't need to do this. The immigration judge was somewhat incredulous when he was talking to Mr. Plata Lopez. You mean you believed your lawyer over me, as if we aren't going to do this? We aren't gods, okay? That is certainly true, but I think the focus here was on the fact that the immigration judge advised counsel, he advised the applicant, he provided oral instructions both to the counsel and to the applicant. All before the lawyer said, you don't need to do this. And it is perfectly reasonable. It's not as if this was some extremely odd advice. It's perfectly reasonable to think that it might be possible for a regulation to change so that your fingerprints are good for a longer period of time. And counsel had an obligation to maintain current with the state of affairs to confirm whether or not there had been a change? Well, sure, that's not the question, though. The question is what the client's reasonableness was. And you seem to be saying it's unreasonable because the judge had previously told him something different. But I don't see why that would necessarily be the case. That's certainly the view the agency had of it. We'd also note that at no time has counsel ever filed an ineffective assistance of counsel claim against himself, has not raised an ineffective assistance of counsel claim against himself. No, the only question here is whether they should have granted a continuance, yes or no. And if he got the continuance, great, he could have a hearing. And if he didn't, he can't. So that's, I don't see why the absence of an ineffective assistance formal Lozada claim makes any difference given what the agency knew when it made this decision. Right. And again, we would come back to the denial of a continuance must be upheld unless there's a showing of clear abuse. And the immigration judge certainly was within his discretion to grant a continuance, but he also was within his discretion to deny a continuance. The applicant here had previously gone through the fingerprints requirements, indicated that he understood, complied, but did not timely make an application. And again, it's as the applicant, it's his burden to establish his eligibility for relief. It's not the government's burden to show that there are no potentially disqualifying convictions. And again, when it became clear that there were no prints, this hearing could not have gone forward in any event because petitioner did not actually ask for a continuance to show that there are no potentially disqualifying convictions. When he went to submit new prints, he asked for a continuance so that he could have a witness available. And that's at page 135 of the record. It's true that the agency denied because there were no prints. And that's the only thing we're allowed to review. That's correct. That is an independently dispositive basis. The immigration judge could have denied on any number of bases. The immigration judge denied because he failed to comply with the requirements and the instructions, which were provided clearly orally and in writing. So we would ask that you deny the petition. Judge, in response to counsel's arguments, the respondent in this case did ask for a continuance to update the biometrics once it became clear that the biometrics were in effect. The respondent did seek a continuance to update the biometrics as well as have the witness who was unavailable on that particular day present. Do you have a record reference for that? It's in the transcript. I don't have it offhand. I would have to go through the actual transcript from that particular day. But... Perhaps a reference to the date. We'll find it. Thank you. But at some point the respondent did ask the court for a continuance so that the respondents could comply with the biometrics requirement. Part of the problem was that the request from respondent's counsel as well as the respondent himself, the answers that were in the questions that were being allowed were being cut off by the particular judge in that particular case. And so you, if you read the transcript, you'll see where respondent's counsel started to ask for certain things, but then was cut off by the judge stating that he had told the respondent directly that he needed to do his fingerprints. And that happened on several occasions on that particular day. And so, but I just wanted to make it clear that the respondent did request the continuance based on biometrics as well as the lack of availability of one of his witnesses. Thank you.
judges: Schroeder, Graber, Watson